## SCHWIERKING et v. STATE ex Moeller.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3216.   Decided April 16, 1927.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**SCHOOLS & SCHOOL DISTRICTS.**
(530 T2) Board of Education of special School District having no high school, which does not enter into agreement provided in 7750 GC. until after commencement of school year, is liable, under provisions of 7747 GC., for one month tuition for pupil who attends another high school during entire school year.

Error to Common Pleas.

Judgment modified and affirmed.

Chas. P. Taft and Augustus Beall, Jr., Cincinnati, for Schwierking.

Edward Strasser, Cincinnati, for Individual School Board Members.

R. T. Dickerson, Cincinnati, for State ex.

### STATEMENT OF FACTS.

The question presented is whether or not the Board of Education of the Finney Town Special School District No. 10 is required to pay the tuition of William T. Moeller, while attending Hughes High School in Cincinnati, for the school year of 1926-1927.

The prayer is that a writ of mandamus issue to the Board of Education of the Special School District No. 10 of Finney Town, Hamilton County, Ohio, to issue a voucher or vouchers in payment of the tuition for William T. Moeller to the Board of Education maintaining Hughes High School; and in the event that funds are not available, that said Board of Education levy a tax upon the Special School District No. 10, Finney Town, Hamilton County, Ohio, for such purpose, and for his costs, and for all proper relief.

The answer admits the residence of William C. and William T. Moeller; that plaintiff is charged with the education of the minor; and that there is no high school in Special School District No. 10, Finney Town; and pleads that there was an agreement between the defendant Board of Education and the Mt. Healthy Board of Education for the schooling of pupils in said Special School District, and that the Mt. Healthy High School was within three miles of the residence of said Moeller; and that the defendant Board of Education is exempt from the payment of the tuition of the relator's son.

The Court of Common Pleas found that there was due and owing thereon for the year 1926-27 $110.00, and issued a writ of mandamus, commanding the defendant to issue

vouchers, as prayed in the petition for the amount so found.

This action is prosecuted to reverse that judgment.

The facts on which the second cause of action are based are: Prior to July 18, 1926, the relator notified the defendant in writing that William T. Moeller would attend Hughes High School in Cincinnati, and while it is not definitely stated, we assume that the notice meant that the attendance would commence with the opening of Hughes High School in September, 1926; that some time between September 9 and 28, 1926, the Finney Town Board of Education entered into an agreement with the School Board having charge of the Mt. Healthy Board of Education arranging for the schooling of the high school pupils of the Finney Town School District.

CUSHING, J.

Section 7750, General Code, provides:

" . . . When such agreement is made the board making it shall be exempt from the payment of tuition at other high schools of pupils living within three miles of the school designated in the agreement, . . ."

The provisions of the statute above quoted, which exempts the board of liability after entering into the agreement, would exempt the board from payment of all tuition after the entering into the agreement.

It is true that the pupil, Moeller, was attending Hughes High School when this agreement was made, and if it were not for the statute it would seem that he should be permitted to attend Hughes High School for the year. The language of the statute is unambiguous. In addition to that, Section 7747, General Code, provides that:

" . . . such tuition shall be computed by the school month. An attendance any part of the school month shall create a liability for the entire school month, . . ."

Our conclusion is that the Finney Town Special School District, having received the notice, and not having entered into an agreement until after the commencement of the school year, that it is liable for the first month of the school year of 1926-27.

The judgment of the Court of Common Pleas will therefore be modified. The board will be directed to issue a voucher for tuition for the first month of the 1926-1927 school year, and to pay the cost of this proceeding. As modified, the judgment will be affirmed.

(Hamilton, PJ., and Mills, J., concur.)